UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON CHARLES MONK,

    Plaintiff,

v.                                                                 Case No. 09-C-354

DOCTOR PERRY COALMAN, *et al.*,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Jason C. Monk, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Oshkosh Correctional Institution. According to the complaint, defendant Dr. Charles Larsen is a physician at Fox Lake Correctional Institution. Defendants Dr. Perry Coalman and Dr. Ilva Van Valkenburg are also physicians, though the complaint does not indicate where they are employed. Monk also names as a defendant a Jane Doe nurse practitioner.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of

twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee of $8.60.

Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. According to his trust account statement, as of February 19, 2009 Monk had only $22.17 in his accounts. His average monthly balance from August 19, 2008 to February 19, 2008 was $32.94. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

---

[1]In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

As noted above, Monk brings claims against three physicians and a Jane Doe nurse practitioner. He alleges each doctor ordered a blood test–Dr. Coalman on July 3, 2008, Dr. Larsen on July 24, 2008 and Dr. Van Valkenburg on November 21, 2008. (Compl. at 3.) Monk claims none of the doctors actually looked at the test results, which he alleges "showed early stages of hypothyroidism and high blood pressure." (*Id*.) Monk's claim against the unknown nurse practitioner appears to be that she failed to evaluate the test results and take appropriate steps. (*Id*.)

As a result of the above omissions, Monk claims his condition has become permanent and that he has suffered excessive weight gain, emotional fatigue, depression, slow and hard breathing,

3

forgetfulness, and high blood pressure. Monk alleges that as a result he is now required to take medication.

The Eighth Amendment, which prohibits "cruel and unusual punishments," imposes a duty on prison officials to ensure that inmates receive adequate food, clothing, shelter, and medical care; prison officials also must take reasonable measures to guarantee an inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *see* U.S. Const. amend. VIII. A prison official's "deliberate indifference" to a prisoner's medical needs or to a substantial risk of serious harm to an inmate violates the Eighth Amendment, which is applicable to the states through the Fourteenth Amendment. *See Farmer*, 511 U.S. at 828; *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

Deliberate indifference to the serious medical needs of an inmate constitutes the "unnecessary and wanton infliction of pain proscribed by the Eighth Amendment" and states a claim under § 1983. *Estelle*, 429 U.S. at 102 (internal citations omitted). Such a claim contains both an objective and a subjective component. *Greene v. Dailey*, 414 F.3d 645, 653 (7th Cir. 2005). A prisoner must demonstrate that he has an objectively serious medical condition, either diagnosed as requiring further attention or "so obvious that even a layperson would perceive the need for a doctor's attention." *Id*. The prisoner must also establish a sufficient level of culpability on the part of the prison officials. *Id*. The officials "must know of and disregard an excessive risk to inmate health; indeed, they must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and must also draw the inference." *Id*. (internal quotations and citations omitted).

I do not take Monk to allege that the three doctors which ordered the blood tests reviewed the results and recommended a course of treatment with which he disagrees, which would not

4

support an Eighth Amendment claim as a "difference of opinion as to how a condition should be treated does not give rise to a constitutional violation." *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (citing *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254 (7th Cir. 1996)). Instead, Monk claims that, although three physicians ordered lab work to be done, none of them actually took the trouble to review the test results, and that had they done so his hypothyroidism and high blood pressure could have been treated more effectively. Though it is questionable whether a physician would go to the trouble to order lab work yet purposefully avoid reviewing the results, at this stage I must take the allegations of the complaint at face value. Even if it turns out that a physician ordered a blood test but, for whatever reason, did not review the results, this does not necessarily mean Monk will prevail on his deliberate indifference claim, as what might be malpractice is not always deliberate indifference, *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008), just as defendants who act negligently do not have the state of mind to be found deliberately indifferent. *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). Monk at least minimally states a claim that the physicians were deliberately indifferent by ignoring the results of the tests they are alleged to have ordered.

As to the allegation against the nurse practitioner, Monk's claim appears to be that she failed to evaluate the test results and take appropriate action. Taking this allegation at face value, I cannot conclude beyond doubt that Monk can prove no set of facts that would demonstrate that the nurse was deliberately indifferent. For example, if the nurse evaluated the results and realized that they indicated Monk was in need of treatment to prevent hypothyroidism or high blood pressure, but took no action knowing further treatment would likely abate the conditions, this could support a finding of deliberate indifference.

5

In sum, though the allegations in the complaint are threadbare, I conclude that dismissal at this stage would be premature. Monk makes at least a colorable constitutional claim in alleging that the three physicians were deliberately indifferent in his allegations that all three ordered lab work to be accomplished but that none of them actually reviewed the test results after they came back from the lab, and that as a result his hypothyroidism and high blood pressure have worsened or become permanent. Monk also at least minimally states a claim against the Jane Doe defendant. Of course, he will eventually have to specifically name her in order to continue his claim against her, but that can await the discovery needed to ascertain her identity. Because plaintiff has set forth cognizable constitutional or federal claims, the case will proceed.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $341.40 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendants pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921. The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R.

6

§ 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

7

Finally, in a letter dated April 12, 2009, plaintiff inquires regarding the difference between a magistrate judge and a district court judge. The court is not in a position to advise plaintiff on this question, as it cannot offer litigants legal advice. Plaintiff also asks about whether he is eligible for alternative dispute resolution ("ADR"). ADR is authorized by statute, 28 U.S.C. § 651, though the local rules of this district provide that pro se prisoner litigation is exempt from the ADR process. Civil L.R. 16.5(b).

Dated this   21st   day of April, 2009.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge