UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON CHARLES MONK,

        Plaintiff,

   v.                                                      Case No. 09-C-354

DOCTOR PERRY COALMAN, *et al.*,

        Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

       Plaintiff Jason C. Monk, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Oshkosh Correctional Institution. Monk's claim is that three physicians and a Jane Doe nurse practitioner were deliberately indifferent to his serious medical need, something the Eighth Amendment prohibits. Specifically, he alleges each doctor ordered a blood test on different occasions but that none of them actually looked at the test results, which he alleges "showed early stages of hypothyroidism and high blood pressure." (Compl. at 3.) Monk's claim against the unnamed nurse practitioner appears to be that she failed to evaluate the test results and take appropriate steps. (*Id.*) This matter is before me on defendants' motion to dismiss.

**Analysis**

       Defendants argue that Monk has failed to exhaust the administrative remedies available to him as a Wisconsin prisoner before he brought this piece of federal litigation. Monk submitted a one page response to the motion, in which he admitted that he filed his complaint initiating this

lawsuit before he made a complaint in the administrative system established by Wisconsin, apparently laboring under the mistaken belief that he had to first file a lawsuit before making his administrative complaint.

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. 104-134, 110 Stat. 1321 (1996), provides in pertinent part that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Within this circuit, a prisoner's failure to exhaust administrative remedies before bringing a § 1983 suit is an affirmative defense, which defendants must raise. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). However, a prisoner's § 1983 case may be dismissed for failure to exhaust administrative remedies at the pleading stage if he pleads himself out of court. *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997).

The Court of Appeals for the Seventh Circuit has held that "to exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Although it does not deprive the court of subject matter jurisdiction, 42 U.S.C. § 1997e(a) "requires dismissal of any case in

2

which an available administrative remedy has not been exhausted." *Massey v. Wheeler*, 221 F.3d 1030, 1034 (citing *Perez*, 182 F.3d at 535). By logical extension of *Pozo*, a prisoner's grievance must contain the "sort of information that the administrative system requires" and "object intelligibly to some asserted shortcoming." *Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002). Where the grievance procedure is silent as to the sort of information needed in a complaint, it suffices if it meets the notice pleading requirements. *Id.* at 650.

The Inmate Complaint Review System ("ICRS") within the Wisconsin prisons is the administrative remedy available to inmates with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code § DOC 310.01(2)(a). The Wisconsin Administrative Code specifically provides that before an inmate may commence a civil action, the inmate shall exhaust all administrative remedies that the Department of Corrections has promulgated by rule. Wis. Admin. Code § DOC 310.05. The ICRS is available for inmates to "raise significant issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights complaints." Wis. Admin. Code § DOC 310.08(1).

In order to use the ICRS, an inmate must file a complaint with the inmate complaint examiner ("ICE") within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code §§ DOC 310.07(1) & 310.09(6). Complaints submitted later than 14 days after the event may be accepted for good cause. Wis. Admin. Code § DOC 310.09(6). After reviewing and acknowledging each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority." Wis. Admin. Code §§ DOC 310.11(2) & 310.11(11). The appropriate reviewing authority makes a decision within 10 days following receipt of the recommendation. Wis. Admin. Code § DOC 310.12. Within 10 days after the date

3

of the decision, a complainant dissatisfied with a reviewing authority decision may appeal that decision by filing a written request for review with the corrections complaint examiner ("CCE"). Wis. Admin. Code § DOC 310.13(1). The CCE reviews the appeal and makes a recommendation to the secretary of the Department of Corrections. Wis. Admin. Code § DOC 310.13(6). The secretary may accept, adopt, or reject the CCE's recommendation, or return the appeal to the CCE for further investigation. Wis. Admin. Code § DOC 310.14(2).

Here, the complaint indicates that Monk did not use the prison's grievance process because "I found out after I was transferred [from Fox Lake Correctional Institution] to another institution about my medical condition." (Compl. at 1.) Monk admits in his response to the defendants' motion that he did not file a complaint with the ICRS prior to filing this matter in federal court. (Pl.'s Resp. to Defs.' Mot. to Dismiss, Doc. # 17.) The fact that Monk did not learn of the injuries he attributes to defendants until he was transferred to his current place of confinement, Oshkosh Correctional Institution, does not excuse him from adhering to the exhaustion requirement. Monk was still capable of lodging a complaint in the ICRS at his current place of confinement after his transfer from Fox Lake Correctional Institution. Wis. Admin. Code § DOC 310.11(9) ("If an inmate is transferred after an incident but before filing a complaint, the inmate shall file the complaint at the currently assigned institution. The ICE shall forward the complaint to the ICE at the appropriate institution for investigation and decision.")

**Conclusion**

Monk put the cart before the horse by seeking judicial relief before filing an administrative grievance, apparently based upon a mistaken belief that he had to file his complaint in the ICRS after he filed a lawsuit under § 1983. Even though Monk alleges that he did not learn of the injuries

for which he claims the defendants are responsible until he was transferred to his current place of confinement, the ICRS specifically permits him to make an administrative grievance at his current place of confinement for the treatment he received while confined at Fox Lake Correctional Institution. Because failure to exhaust the administrative remedies available to him through Wisconsin's ICRS operates as a bar to his bringing this suit, this matter must be dismissed.

**THEREFORE, IT IS ORDERED** that defendants' motion to dismiss for failure to exhaust administrative remedies is **GRANTED**, and the case is **DISMISSED**.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated this 19th day of June, 2009.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge